LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
ANGELA T. OCHOA, ESQ.
Nevada Bar No. 10164
9900 Covington Cross Drive, Ste. 120
Las Vegas, Nevada 89144
(702) 382-1500 phone
(702) 382-1512 fax
jgarin@lipsonneilson.com
aochoa@lipsonneilson.com
*Attorneys for Defendants TC Nevada, LLC,
Michael Haggerty, John P. Haggerty, and
Olga F. Haggerty*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TEMSA ULASIM ARACLARI SANAYI VE TICARET A.S., <br><br> Plaintiff, <br><br> vs. <br><br> TC NEVADA, LLC, MICHAEL HAGGERTY, JOHN P. HAGGERTY, and OLGA P. HAGGERTY <br><br> Defendants. | CASE NO.: 2:18-cv-01738-APG-GWF <br><br> **STIPULATION AND ORDER TO STAY CASE** |

Pursuant to Local Rule 7-1, the parties, Plaintiff Temsa Ulasim Araclari Sanayi Ve Ticaret A.S ("Temsa") and Defendants TC Nevada, LLC ("TC Nevada"), Michael Haggerty, John P. Haggerty and Olga P. Haggerty (collectively "Defendants") stipulate and agree to stay discovery in this instant matter, pending the outcome of a prior-pending arbitration between non-party CH Bus Sales, LLC ("CH Bus") and Plaintiff Temsa.

In support of their request, the parties state the following:

/ / /

# I. INTRODUCTION

This is one of four legal actions between and among Plaintiff Temsa on one hand, and Defendants TC Nevada, Michael Haggerty, John Haggerty and Olga Haggerty, and/or non-parties CH Bus and CH Bus Holdings, LLC on the other.

Temsa is a motorcoach manufacturer and for years CH Bus was Temsa's distributor in the United States. On March 20, 2018, Temsa terminated CH Bus's distributorship. On March 22, 2018, in accordance with the Distribution Agreement between Temsa and CH Bus, Temsa filed a Demand for Arbitration commencing the Arbitration bearing AAA Case Number 01-18-0001-2496 (the "New York Arbitration"). CH Bus has asserted counterclaims in the New York Arbitration. The New York Arbitration hearings were scheduled to commence in January, 2020 and are now scheduled to commence on February 3, 2020 in New York.

Separately, on April 9, 2018, Temsa commenced an action against CH Bus in Delaware Chancery Court in accordance with the separate Security Agreement between Temsa and CH Bus. This matter was ultimately removed to the Federal District Court for the District of Delaware, where it bore docket number 1:18-cv-00698-RGA (the "Delaware Matter"). This matter was resolved in Temsa's favor by a Stipulated Judgment entered as an order of the Court on August 21, 2019.

After commencing the Arbitration and the Delaware Matter and conducting initial discovery, Temsa became aware of the facts underlying the allegations in the instant matter and commenced this matter which names as Defendants an entity and individuals who are closely connected to CH Bus and/or have a familial relationship. In the instant action, Temsa alleges that TC Nevada improperly possessed certain Temsa Motorcoaches and seeks damages based thereon. This instant action and the New York Arbitration are closely connected, as the claims and defenses contained therein are based on a common

set of facts. The parties have conferred and believe with the Delaware Matter now concluded, there is a likelihood that a Decision in the New York Arbitration may directly impact, and potentially limit, the matters to be decided by this Court such that a continuance will serve to preserve judicial resources.

## II. LEGAL ARGUMENT

"In deciding whether to grant a stay of discovery, the [c]ourt is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action." Kor Media Group LLC v. Green, 294 F.R.D. 579, 581 (D. Nev. 2013) (internal quotations omitted).

In this case, the parties contend that they have been pursuing discovery in good faith, but that the landscape of this instant matter has changed with the addition and resolution of other cases. In some respects, the case against Defendants may be derivative of – and at a minimum impacted by – decisions and determinations regarding the relationship between Temsa and CH Bus in the Decision in the New York Arbitration.

To ensure the parties make the most out of their deposition time, they have discussed scheduling of the same, and have thus far only conducted written discovery. Due to the ever-changing landscape, the parties believe it is in the best interest of justice and will facilitate less expensive discovery – and preserve judicial resources – to stay this matter pending the resolution of the New York Arbitration.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

WHEREFORE the parties respectfully request that a stay be entered in this case, pending the outcome of the New York Arbitration. The parties further agree that they will submit a Status Report to the Court every 45 days from the entry of order granting a stay.

January 13, 2020.

MORRIS LAW GROUP

By: /s/ James Regan
Ryan M. Lower
NV Bar No. 9108
411 E. Bonneville Ave, Suite 360
Las Vegas, Nevada 89101

MCCARTER & ENGLISH, LLP
Thomas J. Finn, (*Pro Hac Vice*)
James E. Regan, (*Pro Hac Vice*)
185 Asylum Street
Hartford, CT 06119

Attorneys for Plaintiff

January 13, 2020.

LIPSON NEILSON P.C.

By: /s/ Angela Ochoa
Angela T. Ochoa
NV Bar No. 10164
9900 Covington Cross Drive, Suite. 120
Las Vegas, Nevada 89144

Attorneys for Defendants

## ORDER

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
Dated: January 16, 2020.